**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 20-1868

NATIONAL ASSOCIATION OF IMMIGRATION JUDGES, affiliated with the International Federation of Professional and Technical Engineers,

        Plaintiff - Appellant,

  v.

DAVID L. NEAL, in his official capacity as Director of the Executive Office for Immigration Review,

        Defendant - Appellee.

---------------------------------------------------

NATIONAL TREASURY EMPLOYEES UNION; LABOR LAW SCHOLARS AND EXPERTS,

        Amici Supporting Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Liam O'Grady, Senior District Judge. (1:20-cv-00731-LO-JFA)

Argued: January 25, 2022                                       Decided: April 4, 2022

Before WILKINSON, NIEMEYER, and HEYTENS, Circuit Judges.

Affirmed and remanded with instructions by unpublished per curiam opinion.

**ARGUED:** Ramya Krishnan, KNIGHT FIRST AMENDMENT INSTITUTE AT COLUMBIA UNIVERSITY, New York, New York, for Appellant. Jennifer L. Utrecht,

UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee. **ON BRIEF:** Stephanie Krent, Alyssa Morones, Alex Abdo, Xiangnong Wang, KNIGHT FIRST AMENDMENT INSTITUTE AT COLUMBIA UNIVERSITY, New York, New York; Victor M. Glasberg, VICTOR M. GLASBERG & ASSOCIATES, Alexandria, Virginia, for Appellant.  Brian M. Boynton, Acting Assistant Attorney General, Jeffrey Bossert Clark, Acting Assistant Attorney General, Michael S. Raab, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C.; G. Zachary Terwilliger, United States Attorney, Jessica D. Aber, United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.  Gregory O'Duden, General Counsel, Larry J. Adkins, Deputy General Counsel, Julie M. Wilson, Deputy General Counsel, Paras N. Shah, Assistant Counsel, Allison C. Giles, Assistant Counsel, NATIONAL TREASURY EMPLOYEES UNION, Washington, D.C., for Amicus National Treasury Employees Union.  Danielle Leonard, ALTSHULER BERZON LLP, San Francisco, California, for Amici Labor Law Scholars and Experts.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

This case involves a dispute between the National Association of Immigration Judges, a union organized under the Federal Service Labor-Management Relations Statute, 5 U.S.C. § 7101 *et seq.*, as the exclusive bargaining agent of some 470 non-supervisory immigration judges (the "Union"), and the Executive Office for Immigration Review ("EOIR"), a component of the Department of Justice that employs the immigration judges, over the EOIR's policies regulating speaking engagements by the immigration judges.

The Union commenced this action against the EOIR, challenging the enforcement of the EOIR's January 2020 version of its speaking engagements policy, as well as its September 2017 version to the extent that it remained operative. The Union had requested bargaining with respect to the September 2017 version, and as a result of that bargaining, the Union and the EOIR entered into a memorandum of understanding in May 2018. In its complaint, the Union sought declaratory and injunctive relief, including a preliminary injunction enjoining the EOIR from enforcing the policies.

By order dated August 6, 2020, the district court denied the Union's motion for a preliminary injunction, ruling that "Congress has precluded district court jurisdiction over claims such as these." It explained that in enacting the Federal Service Labor-Management Relations Statute, Congress authorized federal employees to join labor organizations and to engage in collective bargaining. It also noted that the Statute provides an exclusive administrative dispute-resolution mechanism for resolving labor disputes before the Federal Labor Relations Authority ("FLRA"), which can then be followed by judicial review, and it concluded that "the [U]nion's claims are of the type which Congress intended

3

to fall within the statutory scheme," citing *Thunder Basin Coal Co. v. Reich*, 510 U.S. 200, 212 (1994). The court observed that the Union "could initiate collective bargaining regarding the policy just as it did in 2018."

Parallel to this action, the EOIR filed a petition with the FLRA on August 13, 2019, requesting that the FLRA clarify the bargaining unit represented by the Union to exclude *all* immigration judges on the grounds that they are management officials and therefore not appropriate members of a bargaining unit under 5 U.S.C. § 7112(b)(1). The FLRA Regional Director dismissed the petition, but the FLRA granted the EOIR's application for review and ruled that immigration judges were indeed management officials and therefore not entitled to engage in collective bargaining under the Statute. It directed the FLRA Regional Director "to exclude [immigration judges] from the bargaining unit." 71 F.L.R.A. 1046, 1049 (Nov. 2, 2020). The Union filed a motion for reconsideration, and in its order denying the motion, the FLRA again reiterated that immigration judges were management officials who therefore must be excluded from the bargaining unit. 72 F.L.R.A. 622 (Jan. 21, 2022). In its order, the FLRA also chastised the Regional Director's "astonishing intransigence" for not complying for more than a year with its "unequivocal[]" 2020 order to exclude immigration judges from the bargaining unit. *Id.* at 627. It indicated that the Regional Director's failure to obey its directive "calls into question the continued appropriateness of the [FLRA's] delegation of the responsibility to determine unit appropriateness in cases like this one." *Id.* at 627–28; *see* 5 U.S.C. § 7105(e)(1) (authorizing the FLRA to delegate authority to the regional directors); *id.* § 7105(f) (authorizing the FLRA to review decisions made by such delegation).

4

Now, more than two months after the FLRA denied the Union's motion for reconsideration, it appears that the Regional Director still has not complied with the FLRA's order. Therefore, at least in a very formal sense, the Union still represents the non-supervisory immigration judges. Until the Regional Director complies with the FLRA's order or the FLRA itself decertifies the Union, we conclude that the Union must proceed through the administrative process provided by the Federal Service Labor-Management Relations Statute. Accordingly, we affirm the district court's August 6, 2020 order and remand with instructions to dismiss this action without prejudice.

IT IS SO ORDERED.